IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD TRUMBULL et al. for
the Informed Citizens Alliance,

        Petitioners,

v.        No. CIV 06-371 BB/WPL

NEW HOT SPRINGS RETAIL CENTER,
ASHBAUGH CONSTRUCTION
COMPANY, INC., and CITY OF TRUTH
OR CONSEQUENCES,

        Respondents.

**MEMORANDUM OPINION**

    This matter comes before the Court pursuant to a joint motion to dismiss filed by Respondents (Doc. 4). Having considered the submissions of the parties and the applicable law, the Court will grant the motion and dismiss this case.

    In considering a motion to dismiss, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. " *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991).

    Respondents have moved to dismiss the petition for relief on several grounds, including the following: (1) neither Petitioner has standing to bring the case; and (2) the petition for relief fails to

state a federal cause of action that may be the basis for jurisdiction in this Court. The Court agrees with both arguments.

In order to have standing to bring this lawsuit, Petitioner Trumbull ("Plaintiff") must have suffered a concrete and particularized injury that is actual or imminent; the injury must have been fairly traceable to the challenged action of Respondents; and it must be likely that the injury will be redressed by a favorable decision.[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000). Plaintiff attempts to argue that Respondents' actions will cause flooding to occur and will damage adjacent landowners' property; however, Plaintiff fails to allege that he is one of the owners whose property will be damaged by flooding. Absent extraordinary circumstances not present here, a plaintiff does not have standing to assert the rights of others; he must assert only his own rights. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Plaintiff also argues that he is exercising his First Amendment right to petition the government, by filing the petition for declaratory judgment in this Court. However, the constitutional right to petition does not mean that any person who is upset with governmental action can file a petition in federal court challenging that action. Instead, there must be a basis for federal-court jurisdiction that provides the federal court the power to address the governmental action in question. *See Mullen v. Thompson*, 31 Fed.Appx. 77 (3d Cir. 2002) (unpublished) (First Amendment right to

---

[1]The Court discusses Plaintiff's standing only, and not the standing of the Informed Citizen Alliance ("ICA"), because there are no allegations in the original petition indicating that the ICA is a legal entity capable of suing or being sued. Furthermore, Plaintiff is not an attorney and has no legal ability to represent the ICA in this Court, much less to file a lawsuit or petition on behalf of that organization. It does not appear, therefore, that the ICA has ever been a proper party to this action. The Court notes Respondents' reluctance to dismiss the ICA as a party at this time; however, absent some indication that the ICA has participated in this action as a legal entity, the Court must treat the ICA as a non-party. Should Respondents possess information indicating the contrary is true, they may file a motion for reconsideration on this point.

petition did not provide cause of action where only violations committed by local government were violations of state law); *Jenkins v. Rockwell Int'l Corp.*, 595 F.Supp. 399, 402-03 (D. Nev. 1984) (jurisdiction was not conferred upon federal court by First Amendment right to petition; instead, requirements of federal statute had to be met). Therefore, the fact that Plaintiff has filed a petition and has asserted his right to petition under the First Amendment, does not automatically confer standing to bring this action.[2]

Even if Plaintiff had standing to bring an action in this Court, the petition he has filed does not adequately allege a federal cause of action that could provide this Court with jurisdiction to hear the petition. Most of the petition concerns the issue of whether Respondents failed to adhere to flood-control requirements and other requirements of local or state law. These issues do not give rise to a federal cause of action. Furthermore, the petition's general reference to violations and disregard of EPA and OSHA regulations, which violations "have yet to be defined," is not sufficient to state a cause of action under any federal statute. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). Finally, just as the First Amendment right to petition does not confer standing on a litigant to appear in federal court, that right also does not create a federal cause of action cognizable in federal court any time a citizen wishes to challenge an action taken by a local

---

[2]The Court notes that Plaintiff's petition contains a claim entitled "VIOLATIONS AND DISREGARD OF EPA AND OSHA REGULATIONS" which contains the following allegation: "Petitioners allege that there may be numerous issues that have yet to be defined and that surveys by the EPA and OSHA are pending." As discussed below, this claim is too vague and conclusory to state a cause of action under any statute applicable to EPA and OSHA, the two federal agencies referred to in the petition. Furthermore, the claim fails to state how Plaintiff has suffered any concrete, personalized injury from the alleged violations of EPA and OSHA regulations. For this reason, the claim is insufficient to show that Plaintiff has any standing to bring his petition in federal court.

government body.  Plaintiff's right, if any, to judicial review of any state-law violations that might have been committed lies in state court and not in this Court.  *See Mullen, supra* (where state statute was allegedly not complied with by local officials, plaintiff's redress lay in state court, not federal court); *see also Sullivan v. Scoular Grain Co. of Utah*, 930 F.2d 798, 803 (10th Cir.1991) (federal court may exercise jurisdiction over state-law claims only where a federal claim exists with enough substance to confer subject matter jurisdiction on the court).

Based on the foregoing, this case will be dismissed.

Dated this 14th day of July, 2006.

BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Petitioner**
Gerald Trumbull, pro se

**For Respondents:**
David McNeill, Jr.
Jaime F. Rubin